# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KEISHA S. JACKSON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:22-cv-03917 |
| GULF COAST COLLECTION BUREAU, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes KEISHA S. JACKSON ("Plaintiff"), by and through the undersigned, complaining as to the conduct of GULF COAST COLLECTION BUREAU, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692e *et seq.* stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

4.   Plaintiff is a consumer over 18 years-of-age, residing in Chicago, Illinois, within the Northern District of Illinois.

5.   Defendant is a third party debt collector regularly conducting business with consumers in the state of Illinois, and uses the mail, telephone, and credit reporting for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the state of Illinois. Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 7560 Commerce Court, Sarasota, Florida 34243.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

7.   The instant action stems from Defendant's attempts to collect upon three Mercy Hospital medical debts, totaling $1,570 ("subject consumer debts"), which Plaintiff purportedly owes.

8.   Prior to the actions giving rise to the claims herein, Plaintiff sought and received medical treatment at Mercy Hospital.

9.   After Plaintiff's medical insurance chose not to cover the subject consumer debts, they went into default as Plaintiff could not afford them.

10. Upon information and belief, after Plaintiff defaulted on the subject consumer debts, they were charged-off and placed with Defendant for collection purposes.

11.  In or about the end of 2021, Plaintiff began receiving calls to her cellular phone number, (312) XXX-7654, from Defendant seeking collection of the subject consumer debts.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular telephone ending in -7654. Plaintiff is and always has been financially responsible for the cellular telephone and its services.

13. Defendant has primarily used the phone number (866) 991-7360 when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

14. Upon information and belief, Defendant regularly utilizes the above-referenced phone number during its debt collection activities.

15. On or about October 25, 2021, Plaintiff answered one such call and spoke to Defendant. Upon answering, Plaintiff learned that Defendant was attempting to collect upon the subject consumer debts.

16. After being informed of the subject consumer debts, Plaintiff demanded that Defendant not call her.

17. Regardless, Defendant continued to place calls to Plaintiff's cellular phone despite Plaintiff's demand that they cease.

18. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, money, and resources.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, and numerous violations of his state and federally protected interests to be free from harassing and abusive debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

3

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others, and is similarly a business whose principal purpose is the collection of debts.

25. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692d *et seq.*

26. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

27. 15 U.S.C. § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include

calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt.

29. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

30. Defendant violated §§ 1692d & 1692d(5), and 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h), through its harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff notified Defendant orally that its calls were not welcome and needed to cease. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiff, yet nevertheless persisted, illustrating its intent to harass Plaintiff through its phone calls. Further, upon becoming aware of Plaintiff's desire to receive no further collection calls regarding the subject consumer debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject consumer debt – however, such calls persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject consumer debt.

### b. Violations of FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

33. Defendant violated §§ 1692e and 1692e(10) when it deceptively continued communicating with Plaintiff through her cellular phone despite Plaintiff having made Defendant aware such

communications were unwanted. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations, Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the debt through undue and deceptive means.

### c. Violations of FDCPA § 1692f

34. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated § 1692f when it unfairly attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite the nature of the conversations between the parties and in disregard of Plaintiff's demands that Defendant cease calling her.

WHEREFORE, Plaintiff, KEISHA S. JACKSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.


Dated: July 28, 2022                    Respectfully submitted,

                                        s/ Nathan C. Volheim
                                        Nathan C. Volheim, Esq. #6302103
                                        Counsel for Plaintiff
                                        Admitted in the Northern District of Illinois
                                        Sulaiman Law Group, Ltd.

6

2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

7